HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA COLLINS,<br><br>                    Plaintiff,<br><br>     v.<br><br>REVENUE REPORTING SERVICES,<br><br>                    Defendants. | No. 10-5485RBL<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS FEES [Dkt. #s 6 & 7] |

     THIS MATTER is before the Court on the Plaintiff's Motion for default Judgment [Dkt. #6] and Plaintiff's Motion for an award of costs and attorneys' fees [Dkt. #7]. The defendant was previously found to be in default. [Dkt. #5].

     This Fair Debt Collection Practices Act (FDCPA) (15 U.S.C.A. §1692k) case arises out of the defendant's attempt to collect on a "pay day" loan which plaintiff admits she did not repay.   Plaintiff claims that she received a single phone call regarding the loan, in which the caller (an employee of defendant) threatened her with a lawsuit unless she paid. When she said she was planning to talk to a bankruptcy attorney, she was told the debt would not be discharged in bankruptcy, and that she had to settle the claim at that time. She hung up. She claims that call caused her to cry, lose sleep, and lose interest in eating, friends, and work. She claims she is still afraid when the phone rings.

     Plaintiff seeks $25,000 in actual damages, an additional $1000 in discretionary or exemplary damages, $3,377.50 in attorneys' fees, and $385.00 in actual costs.

ORDER - 1

Under the Fair Debt collection Act, 15 U.S.C.A. §1692k, a prevailing debtor plaintiff is entitled to actual damages, discretionary damages up to an additional $1000, and costs and fees:

Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000
>
> ***

(a)  Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--

> **(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional;

15 U.S.C.A. §1692k

Plaintiff's claim that Defendant violated the act is based on one phone call, and on her claim that the caller told her that her debt was not dischargeable in bankruptcy.  The court accepts that claim, as it must, and further accepts that the caller's statement was not true and was otherwise a violation of the FDCPA.

However, Plaintiff's claims for $25,000 in general damages, and additional $1000 in discretionary or exemplary damages, and something over $3500 in fees and costs are excessive and unsupported.  It is simply not credible that Plaintiff suffered $25,000 actual damages as the result of this call.  Her claim that now, even after her bankruptcy discharged the debt, she is afraid when the phone rings that it might again be this caller is not credible.

On this record, the court will award $2000 in actual damages.  The Court will not award any additional damages under 12 U.S.C.A. §1692k(2)(A).

ORDER - 2

Plaintiff's attorneys' fee request will also be reduced. While the court will accept the rates (though they appear high) but not the number of hours spent on a matter of this nature, with literally no defense, no discovery and only nominal motions practice. A reasonable fee of $2000 is appropriate and the court will therefore award fees in that amount. The Plaintiff's costs are awarded in their entirety ($385). The total award, therefore, is $4385. The clerk will enter a judgment in that amount.

**IT IS SO ORDERED.**

DATED  this 2nd day of FEBRUARY 2011.

```
                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE
```